49 So.2d 417

**TRAVITZKY v. FITZGERALD.**

No. 39510.

Nov. 6, 1950.

Rehearing Denied Dec. 11, 1950.

Leopold Stahl, New Orleans, Morey L. Sear, New Orleans, for appellant.

L. Julian Samuel, Gretna, for defendant and appellee.

HAWTHORNE, Justice.

Plaintiff, Charles Travitzky, a wholesale jeweler doing business as the American Diamond Mfg. Co., of which he is the sole owner and proprietor, instituted this suit to recover the sum of $2406, together with interest and attorney's fees, from the defendant, E. J. Fitzgerald, a retail jeweler. Of the total amount claimed by plaintiff, $1225 and $1075 are represented by two promissory notes executed by the defendant, and the balance, $106, is alleged to be due by defendant as extra expenses incurred by plaintiff in connection with a transaction whereby defendant purchased a diamond ring from plaintiff.

Defendant admits the execution of the promissory notes but sets out certain special defenses. As to the $1225 note, he alleges that it represented the purchase price of a certain lot of diamonds, purchased under an oral agreement made at the time the note was executed that the defendant could return the diamonds to plaintiff if he was not satisfied with them for any reason, and that upon such return the sale would be cancelled and the note returned, or that plaintiff would exchange the diamonds for other stones satisfactory to defendant. Defendant testified that he had the diamonds examined and appraised by another jeweler, an expert, who determined their value to be about $300 less than the agreed purchase price, and that the plaintiff refused to exchange these diamonds for stones satisfactory to the defendant.

As to the $1075 note, defendant contends that it represented the purchase price of a certain lot of secondhand jewelry, including several watches, etc., and that this merchandise at the time of the sale was unmerchantable, not in a salable condition, and in need of repair; that plaintiff agreed to repair certain watches but in spite of repeated demand on the part of defendant has refused to do so. Defendant alleges that plaintiff failed and refused to comply

with his agreement with reference to the diamonds and the jewelry, although repeatedly requested to do so, and that on January 25, 1947, defendant returned to plaintiff the diamonds and the jewelry.

With reference to the $106 claimed, defendant alleges that the diamond ring was purchased for a particular customer under an agreement between plaintiff and defendant that, if the customer for any reason decided not to keep the ring, defendant would have the right to return it without cost or expense whatsoever, and that defendant did in fact return the ring to plaintiff.

After trial on the merits the lower court rendered judgment rejecting plaintiff's demands and dismissing his suit, and he has appealed. After the appeal was perfected to this court, plaintiff abandoned his claim for $106, but urges that the lower court erred in refusing to grant him judgment on the notes of $1225 and $1075, respectively.

■ The defendant having admitted the execution of the notes, the burden of proof was on him to establish by a preponderance of the evidence the special defenses urged, as under the provisions of Article 2232 of the Revised Civil Code he who contends that he is exonerated from an obligation must prove payment or the fact which has produced the extinction of the obligation. This principle of law has been recognized by this court in numerous decisions and

is so well established that citation of cases is unnecessary. In the instant case, in his written reasons for judgment the trial judge recognized this principle of law, but after hearing the testimony was of the opinion that the defendant had sustained the burden of proof, and consequently dismissed plaintiff's suit.

■ A reading of the record discloses that as to the special defenses urged by defendant to these transactions the testimony of the plaintiff and that of the defendant are in hopeless conflict, since the plaintiff flatly denied the existence of any oral agreement with reference to the diamonds and the lot of jewelry and contended that these transactions were unconditional sales. But the trial judge, who observed and saw the witnesses testify, stated that he was not impressed with the plaintiff as a witness and did not believe his testimony to be truthful. The judge further pointed out that the plaintiff was not corroborated in any of his testimony, while the defendant was corroborated by a disinterested witness, who was present and heard the oral agreement between the plaintiff and the defendant in two of these transactions. An analysis of the record fails to disclose any manifest error on the part of the trial judge in his finding of fact and his application of the law.

For the reasons assigned, the judgment appealed from is affirmed at appellant's costs.